**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
March 17, 2008

In re:

**Megan Maple,**                                                            **Chapter 13 Case**
        **Debtor.**                                                                 **# 07-10820**

## SCHEDULING ORDER

WHEREAS, on December 6, 2007, the Debtor filed a chapter 13 plan (doc. #2) and, on January 3, 2008, Opportunities Credit Union (hereafter the "Creditor") filed an objection to the plan (doc. # 10) and a critical issue in dispute is the valuation of the mobile home which is the Debtor's residence and collateral for the Creditor's debt; and

WHEREAS, on March 13, 2008, a two-hour evidentiary hearing was held on the Creditor's objection, at which David Lynch, Esq. appeared on behalf of the Debtor and Gail Westgate, Esq. appeared on behalf of the Creditor, and both parties called witnesses to testify as to the value of the subject mobile home; and

WHEREAS the Court reserved decision on the question of whether one of the Debtor's witnesses, a Mr. LeBeau, qualified as an expert for purposes of offering testimony on the issue of valuation and also on the ultimate question of the value of the mobile home, and granted the parties an opportunity to file supplemental memoranda of law on these issues;

To memorialize the ruling entered at the conclusion of the March 13th hearing, this order is entered with regard to the post-trial briefing,

Accordingly, IT IS HEREBY ORDERED that

1. the Creditor shall file its memorandum of law with respect to the value of the subject mobile home and the eligibility of the Debtor's witness to testify as an expert by March 27, 2008;

2. the Debtor shall file her memorandum of law by April 11, 2008;

3. the Creditor shall file its reply, if any, by April 18, 2008; and

4. if the Trustee wishes to file a memorandum of law, he shall do so by April 11, 2008.

IT IS FURTHER ORDERED that the Court will address the remaining arguments raised by the Creditor in its objection (including whether the Creditor's debt may be "stripped down" or "crammed down", the amount and classification of the Creditor's claim, and the feasibility of the plan) after it determines the value of the mobile home.

                                                                                                                  */s/ Colleen A. Brown*

March 17, 2008                                                                                                Colleen A. Brown
Rutland, Vermont                                                                                         United States Bankruptcy Judge